## THE LUZERNE.

## THE WEST FARMS.

### (Circuit Court of Appeals, Second Circuit. May 20, 1912.)

#### No. 220.

COLLISION (§ 63*)—TUG AND TUG WITH TOW—NEGLIGENT LOOKOUT.

A collision between a tug which had backed out from a slip and continued until she backed against a tow on the side of another tug *held* due to the fault of both tugs, the first because she did not keep a proper lookout astern and the second because when her lookout gave warning of the approach of the other tug, which she could have readily avoided by increasing her slow speed, it was not acted on because her master was deaf, and did not hear it.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 79; Dec. Dig. § 63.*

Collision with or between towing vessels and vessels in tow, see note to The John Englis, 100 C. C. A. 581.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by the Eclipse Lighterage & Transportation Company and Thomas Cullen, owners of the canal boat Pilgrim, against the tug Luzerne, the Lehigh Valley Transportation Company, claimant, and the tug West Farms, the Red Star Towing Company, claimant. Decree against the Luzerne alone, and her claimant appeals. Reversed.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, holding the tug Luzerne solely at fault for a collision with the canal boat Pilgrim in tow of the steam tug West Farms.

The collision occurred in the Gap leading into the Morris Canal Basin, shortly after 6 p. m. The sun set at 5:37, and vessels were still plainly visible. Shortly before the collision the Luzerne, which had been made fast by lines on the inside of dock A on the southern side of the gap, cast off her lines for the purpose of proceeding further up into Morris Canal Basin to pick up a tow. She was lying bow in and backed for the purpose of getting turned and headed up into the gap. The tug Ithaca was maneuvering in very close quarters to her, so she backed further than had been intended, and while backing came into collision with the Pilgrim, which was fast on the port side of the West Farms.

The West Farms was bound into the basin and entered the gap diagonally around the end of dock A. Her lookout was properly stationed on the Pilgrim so as to observe what the pilot of the West Farms could not see to port (in consequence of the house on the canal boat), and to give notice of what he saw. This lookout saw the Luzerne in time and called to the master of the West Farms "port and come ahead on her." This hail was not heard because the master was a little deaf.

Harrington, Bigham & Englar (D. Roger Englar, of counsel), for the Luzerne.

James J. Macklin (De Lagnel Berier, of counsel), for the West Farms.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The liability of the Luzerne is conceded—naturally so, since she was backing without keeping a proper lookout astern. Evidence indicates there was a man aft, and that he reported the West Farms and tow, but he did not do this until the Luzerne was within a few feet of them. Timely warning would have saved the accident.

We think, moreover, that the West Farms was also in fault. She was moving slowly in, and had her lookout stationed where he could see the Luzerne. He did see her in time and called to the navigator of West Farms to go ahead. Had the latter heard this and hooked up, the collision would not have happened. But he did not hear the warning because he was partly deaf.

Nothing is gained by having a lookout properly placed to give warning of approaching vessels, if his warning is unheeded because the master is too deaf to hear it. Certainly the West Farms, by her lookout, saw the Luzerne in time to avoid her by a very slight increase of speed, but failed to navigate in conformity with the knowledge of the situation thus obtained.

·The decree·is reversed and cause remanded in conformity with the views expressed in this opinion. Since the Luzerne conceded her fault, in this court, she is entitled to costs of the appeal against the West Farms.